JUDGE JONES

'08 CIV 10131

Gary B. Friedman (GF 2597)
Dean M. Solomon (DS 3699)
Aaron D. Patton (AP 6334)
**FRIEDMAN LAW GROUP LLP**
270 Lafayette Street
New York, New York 10012
(212) 680-5150

*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN DUDDY,

                                   Plaintiff,

              - against -

IRISH ROPES, INC., EDWARD McLOUGHLIN,
and ANTHONY McLOUGHLIN,

                                 Defendants.
-----------------------------------------------------------------x

Case No. _____

**ECF CASE**

**COMPLAINT**

       Plaintiff John Duddy, as and for his Complaint in this action against defendants Irish Ropes, Inc., Edward McLoughlin, and Anthony McLoughlin (together, the "Defendants"), alleges as follows:

## INTRODUCTION

       1.    This action seeks a declaratory judgment, under the Declaratory Judgment Act, 28 U.S.C. § 2201, that the agreement between the plaintiff, a professional boxer, and his boxing promoters, defendants Irish Ropes, Inc. and Edward McLoughlin, is of no further force and effect on the grounds that the defendants have materially breached the agreement.  Plaintiff also seeks damages as a result of the defendants' breaches of contract, their violations of the financial disclosure and so-called "firewall" provisions of

the Muhammad Ali Boxing Reform Act, 15 U.S.C. §§ 6307e and 6308 (the "Ali Act"), and defendant Anthony McLoughlin's breaches of fiduciary duties owed to Plaintiff Duddy.

## JURISDICTION AND VENUE

2.  Pursuant to 28 U.S.C. § 1331, this Court has original subject matter jurisdiction over this action, which arises under the Ali Act, 15 U.S.C. § 6309(d). This Court further has jurisdiction pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship exists between Plaintiff, on the one hand, and all Defendants, on the other, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.  Venue in this Court is proper under 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District, the Promotional Agreement (as defined below) designates this District as the appropriate forum for resolution of any dispute, and because a substantial part of the events giving rise to the claims herein occurred in this District.

## THE PARTIES

4.  Plaintiff John Duddy ("Duddy") is a Citizen of Northern Ireland, with a permanent residence in Derry, Northern Ireland. Duddy is also presently domiciled in the State of Florida, where he trains for his bouts.

5.  Defendant Edward McLoughlin ("Eddie") is a citizen of the State of New York. Upon information and belief, Eddie McLoughlin resides in Queens County, New

York and maintains his place of business at 36 West 33rd Street, 2nd Floor, New York, NY.

6. Defendant Anthony McLoughlin ("Tony") is a citizen of the State of New York. Upon information and belief, Tony McLoughlin resides in Queens County, New York and maintains his place of business at 36 West 33rd Street, 2nd Floor, New York, NY.

7. Defendant Irish Ropes, Inc. ("Irish Ropes") is a New York corporation having its principal place of business at 36 West 33rd Street, 2nd Floor, New York, NY.

## FACTUAL BACKGROUND

8. On April 24, 2006, defendant Eddie McLoughlin, through his company, Irish Ropes signed Duddy – a then 25-year old native of Northern Ireland – to a multi-year promotional agreement (the "Promotional Agreement"). The next day, at Eddie McLoughlin's request, Duddy entered into a boxer-manager contract with Eddie McLoughlin's brother Tony McLoughlin, under which Tony assumed the fiduciary responsibility of acting as Duddy's boxing manager and negotiating on Duddy's behalf with Duddy's promoter – i.e., Tony's brother Eddie. The boxer-manager contract (the "Boxer-Manager Contract"), which provides that Tony McLoughlin is entitled to receive 20% of Duddy's purses, was filed with the New York State Athletic Commission. According to its terms and New York State law, any action brought to challenge the Managerial Contract must be pursued in arbitration before the Commission.

9. Under the terms of the Promotional Agreement, the promoter was obligated to provide at least three opportunities for Duddy to compete in professional boxing contests in each of the second and third years of the contract, as well as a

3

minimum of four matches during the first year. The Promotional Agreement also stipulates the minimum purses that Irish Ropes was obligated to pay Duddy for each bout during the term of the Agreement. Subject to enhancement for bouts that are televised on certain networks, or for which a title is at stake, ¶ 4 of the Promotional Agreement mandates that Irish Ropes must pay Duddy a minimum purse of $50,000 for each bout occurring during the second year of the contract, and a purse of not less than $75,000 for each bout during the third year.

10. The Promotional Agreement also contains a broad anti-waiver provision, at ¶ 21, which specifically provides that any waiver of any breach or default must be in writing and must "specify the breach or default concerned." That same paragraph also provides that the fighter shall, for each bout, execute a "Standard Boxing Contract in such form as may be required" by local law – i.e., what is referred to in boxing as a "bout contract."

11. As set forth below more fully in the Second Claim for Relief, promoters are obligated under the Ali Act to provide boxers with a statement of the "amounts of any compensation or consideration that a promoter has contracted to receive" from the fighter's matches. From the outset of its tenure as Duddy's promoter, Irish Ropes never provided Duddy with disclosures of the compensation or consideration that it received in connection with his bouts. One such form of compensation received by the defendants in connection with Duddy's bouts was cash generated by the sale of event tickets, which defendants sold through an informal network of individuals making cash sales in bars and other establishments. No record of these receipts was ever disclosed to Duddy.

12. On February 23, 2008, Duddy fought Walid Smichet at Madison Square Garden in New York City. Duddy was never provided with any financial disclosures by Irish Ropes related to the Smichet fight, including a statement of the amounts of any compensation or consideration that Irish Ropes received from the event. Upon information and belief, Irish Ropes and the McLoughlins received consideration in excess of $260,000 in connection with the bout, including some $200,000 from undisclosed cash ticket sales made through the McLoughlin's informal network referred to above.

13. Duddy next fought Charles Howe in Boston, Massachusetts on June 28, 2008. Notwithstanding that the bout took place in the third year of the Promotional Agreement, the bout contract that manager Tony McLoughlin negotiated with promoter Eddie McLoughlin on behalf of Duddy called for a purse of only $20,000 – i.e., some $55,000 less than the agreed-upon minimum amount for any bout taking place during the third calendar year of the contract, and some $30,000 less than the mandatory minimum amount for any bout taking place during the second calendar year of the contract.

14. As in the case of the Smichet bout, moreover, the McLoughlins failed to provide Duddy with any statement of the compensation or consideration that Irish Ropes received from the event, including – once again – its substantial receipts from the sale of tickets via an informal network. Duddy received $20,000 as his purse for the Howe fight.

15. Subsequently, the McLoughlins arranged a bout to take place between Duddy and Sam Hill for November 21, 2008 on a card promoted by Gotham Boxing and its President, Cedric Kushner. Apparently, the McLoughlins signed a contract with Gotham Boxing promising to provide Mr. Duddy's services. Subsequently, they presented Duddy with a bout contract under which Duddy stood to make a purse of

$20,000 for the Hill bout. His manger, Tony McLoughlin, urged Duddy to sign the bout contract. This again is some $55,000 less than the contractually guaranteed minimum for any bout taking place during the third calendar year of the contract.

16. Upon information and belief, the McLoughlins further stood to earn substantial revenues from ticket sales in the event that Duddy were to fight Howe under the proposed agreement with Gotham Boxing.

17. Neither the bout contract proffered to Duddy for the Howe fight nor the one for the proposed Sam Hill fight contained any provision purporting to waive any rights under the Promotional Agreement, such as Duddy's right to receive the minimums specified in ¶ 4 of the Promotional Agreement. Much less did either bout contract contain an express written waiver "specify[ing] the breach or default concerned," as required by ¶ 21 of the Promotional Agreement.

18. Duddy never signed the bout contract for the proposed November 21, 2008 Sam Hill fight. Instead, Duddy consulted counsel regarding his rights under the Promotional Agreement. Shortly after being contacted by counsel for Duddy on November 7, defendant Tony McLoughlin – apparently in a fit of pique -- made a public announcement that the event (including all of the many other bouts scheduled to take place on the card) was canceled. By November 11, 2008, Kushner and Gotham Boxing had little choice but to cancel the event.

**FIRST CLAIM FOR RELIEF**
**(Breach of the Promotional Agreement;**
**Against Irish Ropes and Edward McLoughlin)**

19. Plaintiff repeats and realleges each of the foregoing allegations as though fully set forth herein.

6

20. Irish Ropes was obligated under the Promotional Agreement to offer Duddy a minimum purse of $75,000 in connection with the Howe bout.

21. By paying Duddy a purse in the amount of $20,000 for the Howe bout, Irish Ropes and Eddie McLoughlin breached their contractual obligation to Duddy under the Promotional Agreement.

22. The breach was material, going to the very heart of the bargain that Duddy struck in the Promotional Agreement.

23. Duddy fully performed his responsibilities under the Promotional Agreement.

24. In addition, under the Promotional Agreement, Irish Ropes was obligated to offer Duddy a minimum purse of $75,000 in connection with the now-canceled November 21 Sam Hill bout.

25. By negotiating a bout agreement in the amount of $20,000 for the Sam Hill bout with Tony McLoughlin, Irish Ropes and Eddie McLoughlin breached their obligation to Duddy under the Promotional Agreement.

26. Upon information and belief, defendant Eddie McLoughlin has at all relevant times operated defendant Irish Ropes as his corporate alter ego, exercising complete dominion over its affairs, intermingling personal and corporate property, including the receipts of cash ticket sales for Duddy's bouts, and generally disregarding corporate formalities. Eddie McLoughlin used his corporate alter ego, Irish Ropes, to enter into the Promotional Agreement.

27. Duddy has been injured by the breaches of the Promotional Agreement set forth above in an amount not less than $130,000 – i.e., the $150,000 in guaranteed

minimum purses he was entitled to receive for the Howe and Sam Hill bouts, minus the $20,000 he received for the Howe bout.

## SECOND CLAIM FOR RELIEF
### (Violation Of The Ali Act; Against All Defendants)

28.  Plaintiff repeats and realleges each of the foregoing allegations as though fully set forth herein.

29.  The Ali Act provides, in relevant respect: "A promoter shall not be entitled to receive any compensation directly or indirectly in connection with a boxing match until it provides to the boxer it promotes . . . the amounts of any compensation or consideration that a promoter has contracted to receive from such match." 15 U.S.C. § 6307e.

30.  For each bout that Irish Ropes has promoted since the execution of the Promotional Agreement, the promoter has failed to provide Duddy any of the information required by §6307e the Ali Act.

31.  Among the information that Irish Ropes has failed to provide is the amount of compensation or consideration that it has realized as a result of cash sales of bout tickets, in bars and other establishments outside of the normal box-office channel, to Duddy's fans in the Irish-American community and elsewhere. For the Smichet bout, for instance, Irish Ropes received – upon information and belief – more than $200,000 worth of tickets from the principal promoters of the event, in addition to a check in the amount of $60,000. These cash ticket sales were a principal source of revenue for the McLoughlins and Irish Ropes – not only for the Smichet bout, but for the Howe bout in Boston and, upon information and belief, every other bout that Irish Ropes promoted

under the Promotional Agreement. None of these revenues were ever reported to Duddy as required under the Ali Act.

32.     In addition, Tony McLoughlin also participated in the distribution of these event tickets, in violation of the Ali Act's "firewall" provision, which provides, in relevant respect: "It shall be unlawful for . . . a manager . . . to have a direct or indirect financial interest in the promotion of a boxer[,] or to be employed by or receive compensation or other benefits from a promoter," except under certain circumstances not pertinent here. 15 U.S.C. § 6308.

33.     Duddy has been injured by the defendants' violations of the Ali Act in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(Breach of Fiduciary Duty; Against Anthony McLoughlin)

34.     Plaintiff repeats and realleges each of the foregoing allegations as though fully set forth herein.

35.     As Duddy's boxing manager, defendant Tony McLoughlin assumed fiduciary obligations to his fighter, including the duty to represent Duddy in all his dealings with his promoter, Eddie McLoughlin's Irish Ropes, and to insist the fighter obtain the benefit of his bargains. Among the obligations that Tony McLoughlin assumed when he became Duddy's manager was the obligation to negotiate against his brother Eddie on Duddy's behalf, and –if necessary – to fire his brother in the event Eddie proved unable to live up to the letter of his contractual obligations.

36.     Defendant Tony McLoughlin breached his fiduciary obligations to Duddy in numerous respects, including: (1) allowing and helping his brother Eddie to distribute

hundreds of thousands of dollars of bout tickets without accounting to Duddy; (2) cooperating with his brother Eddie to arrange to pay Duddy bout purses significantly below the minimums stipulated in the Promotional Agreement; and (3) unilaterally canceling the Sam Hill bout without consulting Duddy.

37.     As a proximate and foreseeable result of Tony McLoughlin's breaches of his fiduciary obligations, Duddy has been damaged in an amount to be proven at trial but not less than: (a) $130,000, representing the $150,000 in guaranteed minimum purses Duddy was entitled to receive for the Howe and Sam Hill bouts, minus the $20,000 he received for the Howe bout; plus (b) for each bout under the Promotional Agreement, a percentage of the cash ticket sales realized by Irish Ropes and the McLoughlins that is commensurate with the share of proceeds that other major boxers receive from the promotion of their fights (a share that is generally in the range of 75% to 80%).

38.     Pursuant to 19 NYCRR § 208.7, Plaintiff has filed a petition with the New York State Athletic Commission ("NYSAC"), seeking a ruling that the Boxer-Manager Contract between Tony McLoughlin and Duddy is void. The jurisdiction of the NYSAC does not extend to the instant damages claim for breach of fiduciary duty.

## EXIGENCY OF DECLARATORY OR INJUNCTIVE RELIEF

39.     In the absence of equitable or declaratory relief, Duddy stands to suffer irreparable injury for which there is no adequate remedy at law. In the absence of a preliminary injunction or declaration preventing Irish Ropes from seeking to enforce the Promotional Agreement to block Duddy from fighting for other promoters, Duddy will be unable to ply his trade during the prime years of his athletic career.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the following relief:

A.  A Declaratory Judgment that the Promotional Agreement has been materially breached by Irish Ropes and is void and unenforceable;

B.  An Order pursuant to Fed. R. Civ. P. 57 setting a speedy hearing with respect to Plaintiff's application for the foregoing Declaratory Judgment or, in the alternative, a Preliminary Injunction pursuant to Fed. R. Civ. P. 56 preventing Irish Ropes from seeking to enforce the Promotional Agreement pending resolution of this litigation;

C.  Damages in an amount to be determined at trial;

D.  Reasonable attorneys fees, expenses and costs of suit pursuant to 15 U.S.C. § 6309(d); and

E.  Such other and further relief as this Court deems just and proper.

Dated: November 21, 2008
       New York, NY

FRIEDMAN LAW GROUP LLP

*/s/ Gary B. Friedman*
Gary B. Friedman (GF 2597)
Dean M. Solomon (DS 3699)
Aaron D. Patton (AP 6334)
270 Lafayette Street
New York, New York 10012
(212) 680-5150